IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERNEST HOWARD BRADLEY, )<br>      Petitioner, )<br>)<br>vs. )<br>)<br>COMMONWEALTH OF PENNSYLVANIA, )<br>      Respondents. ) | Civil Action No. 08-329<br>District Judge Nora Barry Fischer<br>Magistrate Judge Lisa Pupo Lenihan |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as a successive 2254 petition for which the Petitioner has not demonstrated the necessary certification from the Court of Appeals for the Third Circuit as required under 28 U.S.C. § 2244(b)(3).

II. REPORT

On March 5, 2008, Petitioner, Ernest Howard Bradley, a state prisoner incarcerated at the State Correctional Institution at Somerset, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 wherein he challenges his convictions for drug related charges at Criminal Docket Nos. 1624 and 1634 of 2002 in the Court of Common Pleas of Beaver County. This is not Petitioner's first habeas corpus petition filed in this Court. On July 10, 2007, Petitioner filed a Petition for Writ of Habeas Corpus in this Court (docketed at Civil Action No. 07-949), wherein he attacked the same convictions he is challenging in his current action. On October 4, 2007, Chief United States District Judge Donetta W. Ambrose entered an Order denying Petitioner's Petition for Writ of Habeas Corpus as untimely and denying a certificate of appealability. This Order adopted the September 24, 2007 Report and Recommendation by Magistrate Judge Lisa Pupo Lenihan as the

Opinion of the Court. On November 1, 2007, Petitioner filed a Notice of Appeal to the Court of Appeals for the Third Circuit.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (the AEDPA), which amended 28 U.S.C. § 2244(b) (3)to read as follows:

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3) (amended Apr. 24, 1996).

In the instant petition, Petitioner is attacking the same conviction that he attacked in his previous petition. In his previous Petition filed at Civ. A. No. 07-949, this Court determined that Petitioner's claims were untimely. A dismissal of a habeas petition based upon it being time barred constitutes a disposition "on the merits"and renders a subsequent petition that raises issues which could have been raised in the first petition "second or successive" and subject to Section 2244

(b)(3)(A)'s gatekeeping provisions. Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005); Mack v. Shannon, No. Civ.A. 04-3814, 2005 WL 182724 (E.D. Pa. Jan. 26, 2005). Thus, Petitioner's current Petition is a "successive" petition, which is subject to the certification requirements set forth in 28 U.S.C. § 2244(b).

Having decided that Petitioner's current Petition is successive, it must be dismissed. *See* Burton v. Stewart, 549 U.S.___, 127 S.Ct. 793 (2007) (holding that the District Court did not have jurisdiction to entertain a successive petition because the court of appeals had not authorized the petitioner to file a successive habeas petition under 28 U.S.C. § 2244(b)).

III.   CONCLUSION

For the reasons discussed above, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as a successive 2254 petition for which the Petitioner has not demonstrated the necessary certification from the Court of Appeals for the Third Circuit as required under 28 U.S.C. § 2244(b)(3).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                    Lisa Pupo Lenihan
                                                    U.S. Magistrate Judge

Dated: April 1, 2008

cc:    Nora Barry Fischer
        United States District Judge

Ernest Howard Bradley, FG-2092
SCI Albion
10745 Route 18
Albion, PA 16475